**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BRUCE JACOBSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 11-2132-JAR-JPO |
| **JOHNSON COUNTY COMMUNITY** ) | |
| **COLLEGE and CHRISTOPHER** ) | |
| **NASTAV**, ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff Bruce Jacobson filed this suit against his former school, Johnson County Community College ("JCCC"), and a former JCCC instructor, Christopher Nastav, alleging discrimination under the Americans with Disabilities Act ("ADA") and state law claims for battery and outrage. The Court previously dismissed Plaintiff's ADA claim as to Defendant Nastav and a negligent hiring, retention, and supervision claim against Defendant JCCC. The Court found that the Complaint failed to state a claim for relief under the ADA against JCCC, but allowed JCCC additional time to file a motion to amend the complaint. This case is before the Court on Plaintiff's Motion for Leave to File His First Amended Complaint for Damages (Doc. 13) and Defendants' Renewed Motion to Dismiss Plaintiff's Complaint (Doc. 14). Plaintiff has not responded to the renewed motion to dismiss and the time to do so has expired.[1] As described more fully below, Plaintiff's motion to amend is granted and Defendant's motion to

---

[1] D. Kan. R. 6.1(d).

dismiss is denied.

**I.     Background**

The Court explained in its October 19, 2011 Memorandum and Order that the factual allegations in the Complaint were insufficient to state a claim for relief under Title II of the ADA.  Plaintiff alleged that he requested accommodation from JCCC for his multiple sclerosis disability and was denied.  Plaintiff also alleged that Nastav failed to accommodate his disability in class and, in an act of anger and frustration, grabbed Plaintiff's neck and stated that "this is going to be on the test."  The Court found that neither factual allegation was sufficient because they were general and conclusory or merely a formulaic recitation of an element of his claim, which this Court may not accept as true.  The Court further found that the Complaint failed to allege facts that Plaintiff was denied the benefits of JCCC's services, programs, or activities.  The Complaint only alleged that Plaintiff "encountered problems in following Nastav's instructions," and that Nastav responded in frustration by grabbing Plaintiff's mouse, and in one instance, grabbing his neck.  These allegations, when assumed to be true, do not give rise to a claim of discrimination under Title II of the ADA because Plaintiff never alleged how JCCC failed to reasonably accommodate his disability—he must allege facts that demonstrate it did not provide "meaningful access" to its programs and services.[2]  Nonetheless, because Plaintiff requested an opportunity to amend the Complaint and make more detailed factual allegations, the Court granted him an additional period of time to file a motion for leave to amend.

On November 2, 2011, Plaintiff filed a Motion for Leave to Amend, attaching a proposed Amended Complaint.  The Amended Complaint includes facts not included in the original

---

[2] *See Robertson v. Las Animas Cnty. Sheriff"'s Dept.*, 500 F.3d 1185, 1195 (10th Cir. 2007); 28 C.F.R. § 35.150(a)(3).

Complaint.  Plaintiff alleges he sought assistance from Access Services at JCCC for cognitive impairments relating to his multiple sclerosis.  Access Services told Plaintiff that he must notify his instructors of his limitations and that he would be allowed 50% more testing time due to his condition if he went to the student achievement center and took the test in that lab, on the "opposite side of campus."  Jacobson alleges that he was unable to go to the student achievement center.  JCCC did not attempt to assist Plaintiff in working with his instructors to alter his classes to his physical and mental limitations.

With regard to Nastav, the proposed Amended Complaint alleges that Plaintiff met with Nastav prior to the first Intro to Web Pages class and told him that he suffered from multiple sclerosis and that he would require additional time to complete in-class tasks.  Nastav did not assist Plaintiff before the Intro to Web Pages classes began, despite Plaintiff's efforts to arrive to the computer lab fifteen minutes before class to work on assignments from the previous day or prepare for that day's work.  On several occasions during class, Nastav grabbed the mouse out of Plaintiff's hand to "catch him up," but did not permit Plaintiff to complete the lesson on his own.  This resulted in Plaintiff falling further behind in mastering the material.

**II.     Discussion**

Under Fed. R. Civ. P. 15(a), leave to amend should be freely granted, however "the district court may deny leave to amend where the amendment would be futile.  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[3]  To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to

---

[3]*Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investors's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

relief that is plausible on its face."[4]  Defendants oppose the proposed amendment in this case on futility grounds and argue that the ADA claim should be dismissed and the Court should decline to exercise supplemental jurisdiction over the remaining state law claims.

To state a claim under Title II of the ADA, Plaintiff must allege that: "'(1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability.'"[5]  The Court previously found that the Complaint did not include allegations regarding how JCCC failed to reasonably accommodate Plaintiff's disability; he did not allege facts that demonstrate JCCC did not provide "meaningful access" to its programs and services.[6]

The proposed Amended Complaint adds several factual allegations that, if true, would support a plausible claim for relief under Title II of the ADA.  First, Plaintiff alleges that he was not provided meaningful access to JCCC's student achievement center, where he was required to take tests if he desired the 50% increase in testing time.  It is reasonable to infer from Plaintiff's allegation that the center was on the opposite side of campus and that he was unable to access the center due to his disability.  Also, Plaintiff alleges that he informed Nastav prior to his first class that he suffered cognitive impairments and that he would require additional time to complete in-class tasks.  He alleges that Nastav denied him meaningful access to JCCC's services by failing

---

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[5] *Cohon ex rel. Bass v. N.M. Dept. of Health*, 646 F.3d 717, 725 (10th Cir. 2011) (quoting *Robertson v. Las Animas Cnty. Sherif''s Dept.*, 500 F.3d 1185, 1193 (10th Cir. 2007)); *see also, e.g.*, *Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999).

[6] *See Robertson*, 500 F.3d at 1195.

to meet with him before class and by failing to accommodate his delays during in-class tasks. These allegations are sufficient to state a plausible claim for relief under the ADA. Accordingly, Defendant's motion to dismiss is denied as to the ADA claim and Plaintiff's motion for leave to amend is granted. Because the Court does not dismiss the federal claim, the Court need not consider Defendant's request that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File His First Amended Complaint for Damages (Doc. 13) is granted and Defendants' Renewed Motion to Dismiss Plaintiff's Complaint (Doc. 14) is denied. Plaintiff shall file the Amended Complaint attached to the motion within fourteen days.

Dated: December 19, 2011

                                           S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE